## Wynn v. Commonwealth.

(Decided April 17, 1923.)

### Appeal from Harlan Circuit Court.

Intoxicating Liquors—Under Act of 1920 Prosecution Must Prove Possession was for Unlawful Purpose—"Action."—The provision of Prohibition Act, section 8, that the burden of proof is upon the possessor in any action concerning the same to prove that intoxicating liquor was lawfully possessed, refers only to civil actions to abate the nuisance defined in that section, and does not include a criminal prosecution, so that in a prosecution for unlawful possession under that act it was error to instruct the jury that the burden was on accused to show that the possession was unlawful.

J. S. FORESTER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On the evidence of two witnesses, who stated that they went to appellant's home and saw there several fruit jars containing whiskey, appellant was convicted of having intoxicating liquors in his possession for the purpose of sale.

Complaint is made of the following instruction:

"The possession by a person of intoxicating liquors, when it is proven that he was in possession of it, is *prima facie* evidence of guilt for having it in possession for the purpose of sale, and the burden is upon the person having it in possession to prove that he did not have it for sale."

The case is controlled by the Prohibition Act of 1920 (chapter 81, Acts 1920), which was in force when the offense was alleged to have been committed. Section 8 of the act is as follows:

"Any person, firm or corporation knowingly or intentionally renting, hiring, or letting or lending any

house, building, or other structure or premises, or any boat or other watercraft, aircraft, or any car, truck, wagon or other vehicle, or the animal or animals used in hauling or propelling the same, to another or others, for the purpose of violating any provision of this act, shall be considered guilty of a nuisance and of a violation of this act, and the property so used shall be forfeited and sold as if the unlawful act had been committed by him or them in person.

"But nothing in this act shall be construed so as to make it unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquors need not be reported, provided such liquors are for the use only for the personal consumption of the owner thereof and his family residing in such dwelling, and for his *bona fide* guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used. Provided, however, when any citizen changes dwelling place, he may be permitted to take such liquor to his new dwelling place, provided he has secured a proper permit from a federal official having authority to issue the same."

Section 9 authorizes an action in equity to forfeit the property and to enjoin the nuisance, while sections 10, 11, 12, 13 and 14 prescribe the procedure and the character of relief that may be obtained. The only authority for the instruction complained of is the following language in section 8, *supra*, "And the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used." It will be observed, however, that the above language occurs in the section defining a nuisance, and is followed by other sections providing for the maintenance of an action in equity to forfeit the property and enjoin the nuisance. We therefore conclude that the word, "action," is not broad enough to include a criminal prosecution, but means simply a civil action of the kind and character referred to in the accompanying provisions of the act. This view of the statute finds support in the fact that when the legislature undertook at its 1922 session to pass a more comprehensive statute for the enforcement of prohibition, it did not treat of the matter in connection with the maintenance of a nuisance, but provided in an entirely separate

section that "the burden of proof shall be upon the possessor in any trial, action, proceeding, motion or suit concerning the same to prove that such liquor was lawfully acquired, possessed and used," thus showing a clear purpose not to confine the application of the statute to mere civil actions, but to extend its application to all actions whether civil or criminal. It follows that the instruction was erroneous.

Judgment reversed and cause remanded for new trial consistent with this opinion.